IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARAINE WOOD, on behalf of herself and others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SUNLIFE POWER, LLC<br><br>  Defendant. | CIVIL ACTION FILE NO. 1:22-cv-556 (DNH/TWD)<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Laraine Wood (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff alleges that SunLife Power, LLC ("SunLife Power") made unsolicited telemarketing calls to her residential telephone number that is listed on the National Do Not Call Registry.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Laraine Wood is an individual citizen.

7. Defendant SunLife Power, LLC is a Delaware limited liability company with a principal place of business in this District.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has personal specific jurisdiction over SunLife Power because it makes telemarketing calls from this District, just as it did with the Plaintiff.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where she received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant SunLife Power is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. SunLife Power business is generating new customers and leads for solar energy.

18. It does so by making telemarketing calls.

19. At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Ms. Wood

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff Wood's telephone number, 480-XXX-XXXX, is a residential telephone line.

22. It is not associated with a business and is used by Ms. Wood only.

23. The telephone number has been on the National Do Not Call Registry since March 25, 2021.

24. Despite this, the Defendant placed multiple telemarketing calls to Ms. Wood.

25. Ms. Wood received telemarketing calls from the Defendant on April 7 and April 8 (twice), 2022.

26. The Plaintiff saw the call on April 7, 2022 but did not recognize the caller so she did not answer.

27. However, the calls continued.

28. The Plaintiff then answered the second call on April 8, 2022 after seeing the first call, not recognizing the caller and answering the phone.

29. During the call, which was a scripted telemarketing pitch, the Defendant asked the Plaintiff about her interest in Sunlife Power.

30. The caller, "Mark", said that he worked for Sunlife Power.

31. "Mark" provided a website for his company of sunlifepower.com.

32. That is a website for the Defendant.

33. "Mark" then asked the amount of Ms. Wood's utility bill per month and claimed that Sunlife Power could charge her less if she installed its solar panels.

34. "Mark" then said "Mia or Linda" would call back to finalize the sale if she was interested.

35. Later that day, Mia Karim contacted Ms. Wood following up on the telemarketing call.

36. Ms. Karim then sent Ms. Wood an e-mail confirming the solicitation.

37. All of the calls were made from Caller ID (480) 674-5353.

38. NoMoRobo, which won the FTC's competition for tracking robocalls, has reported that number as a "robocaller". https://www.nomorobo.com/lookup/480-674-5353. (Last Visited May 24, 2022).

39. Plaintiff's privacy has been violated by the above-described telemarketing calls.

40. The Plaintiff never provided his consent or requested these calls.

41. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, and they were annoyed and harassed.

42. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

43. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

44. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

45. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The Class as defined above are identifiable through phone records and phone number databases.

47. The potential members of the Class number at least in the thousands.

48. Individual joinder of these persons is impracticable.

49. The Plaintiff is a member of the Class.

50. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA;

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

51. Plaintiff's claims are typical of the claims of members of the Class.

52. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

54. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

# FIRST CAUSE OF ACTION

## Telephone Consumer Protection Act
## (Violations of 47 U.S.C. § 227)
## (On Behalf of Plaintiff and the National Do Not Call Registry Class)

55. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

56. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

57. The Defendant's violations were negligent, willful, or knowing.

58. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

59. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.      Certification of the proposed Class;

    B.      Appointment of Plaintiff as a representative of the Class;

    C.      Appointment of the undersigned counsel as counsel for the Class;

    D.      A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

    F.      An award to Plaintiff and the Class of damages, as allowed by law; and

    G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

                                          Plaintiff,
                                          By her attorneys,

Dated: May 25, 2022

                                          By: */s/ Anthony I. Paronich*
                                            Anthony I. Paronich
                                          Paronich Law, P.C.
                                          350 Lincoln Street, Suite 2400
                                          Hingham, MA 02043
                                          [o] (617) 485-0018
                                          [f] (508) 318-8100
                                          anthony@paronichlaw.com